ORIGINAL

GEORGE S. CARDONA
Acting United States Attorney
SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office
ROBERT C. STACY, II (Cal. No. 224028)
Assistant United States Attorney
    3880 Lemon Street, Suite 210
    Riverside, California 92501
    Telephone: (951) 276-6221
    Facsimile: (951) 276-6202
    E-mail: robert.stacy@usdoj.gov

Attorneys for Plaintiff
United States of America

FILED
CLERK, U.S. DISTRICT COURT

MAY - 1 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07- 139 m |
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| FERNANDO RIOS-DE LA PUENTE, | |
| Defendant. | |

        Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    __X__  1.   Temporary 10-day Detention Requested (§ 3142(d))

                on the following grounds:

        _____  a.  offense committed while defendant was on release

                    pending (felony trial), (sentencing) (appeal) or

                    on (probation) (parole);

        __X__  b.  alien not lawfully admitted for permanent

                    residence;

1          ____ c.  flight risk;

2          ____     d.  danger to community.

3  __X__  2.  Pretrial Detention Requested (§ 3142(e)) because no

4          condition or combination of conditions will

5          reasonably assure against:

6    __X__ a.  danger to any other person or the community;

7    __X__ b.  flight.

8  ____  3.  Detention Requested Pending Supervised

9          Release/Probation Revocation Hearing (Rules

10         32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

11   ____ a.  Defendant cannot establish by clear and

12         convincing evidence that he/she will not pose a

13         danger to any other person or to the community;

14   ____ b.  Defendant cannot establish by clear and

15         convincing evidence that he/she will not flee.

16  ____  4.  Presumptions Applicable to Pretrial Detention (18

17         U.S.C. § 3142(e)):

18   ____ a.  Title 21 or Maritime Drug Law Enforcement Act

19         ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense

20         with 10-year or greater maximum penalty

21         (presumption of danger to community and flight

22         risk);

23   ____ b.  offense under 18 U.S.C. § 924(c) (firearm

24         used/carried/possessed during/in relation to/in

25         furtherance of crime), § 956(a), or § 2332b

26         (presumption of danger to community and flight

27         risk);

28   ____ c.  offense involving a minor victim under 18 U.S.C.

2

§§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)- 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

_____ d. defendant currently charged with (I) crime of violence, (II) offense with maximum sentence of life imprisonment or death, (III) Title 21 or MDLEA offense with 10-year or greater maximum sentence, or (IV) any felony if defendant previously convicted of two or more offenses described in I, II, or III, or two or more state or local offenses that would qualify under I, II, or III if federal jurisdiction were present, or a combination of such offenses, AND defendant was previously convicted of a crime listed in I, II, or III committed while on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

__X__ 5. Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

_____ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

b. an offense for which maximum sentence is life imprisonment or death;

____ c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

____ d. instant offense is a felony and defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

____ e. any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

__X__ f. serious risk defendant will flee;

____ g. serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

____ 6. Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

```
 1        ____      7.    Good cause for continuance in excess of three days

 2                        exists in that:

 3                        _____

 4                        _____

 5                        _____

 6

 7    DATED: MAY  1  , 2007.          Respectfully submitted,

 8                                    GEORGE S. CARDONA
                                      Acting United States Attorney
 9
                                      SHERI PYM
10                                    Assistant United States Attorney
                                      Chief, Riverside Branch Office
11

12                                    _____
                                      ROBERT C. STACY, II
13                                    Assistant United States Attorney

14                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA
15

16

17

18

19

20

21

22

23

24

25

26

27

28
```